# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL AGUILAR, JR., | CASE NO. 1:13-cv-00193-LJO-SKO |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| v. | |
| STATE OF CALIFORNIA, et al., | (Docs. 1, 2) |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff is currently located at Atascadero State Hospital, and is proceeding in this action pro se. Plaintiff filed a complaint on February 7, 2013, pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice and with leave to amend.

## II.   DISCUSSION

**A.   Plaintiff's Motion to Proceed In Forma Pauperis is GRANTED**

Along with the complaint, Plaintiff filed a motion to proceed without the prepayment of fees. (Doc. 2.) Plaintiff's motion to proceed *in forma pauperis* demonstrates that Plaintiff is entitled to proceed without prepayment of filing fees and is therefore GRANTED.

**B.   Screening Requirement**

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**C.     Legal Standard**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of Section 1983 is satisfied only if a plaintiff demonstrates that a defendant affirmatively acted, participated in another's affirmative act, or failed to perform an act which he was legally required to do that caused the deprivation at issue. *Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**D.     Analysis**

In the section of the form complaint setting forth his claim, Plaintiff alleges that Defendant Tabitha L. Raber, a Kern County deputy probation officer, adult division, "violated an old case that already served time on double jeopardy." (Doc. 1, p. 4.) This is the only factual allegation provided, and it is insufficient to set forth a cognizable claim or provide Defendant Raber any notice of the claim Plaintiff is attempting to state against her.  Although Rule 8 requires a short, plain statement, Plaintiff's allegation does not provide any indication of the facts underlying his claim or what civil rights have been allegedly violated.

### III.     CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed without prejudice;
2. Plaintiff shall file an amended complaint within 30 days from the date of this order; and
3. If Plaintiff fails to file an amended complaint, it will be recommended that Plaintiff's case be dismissed.

IT IS SO ORDERED.

**Dated:     March 27, 2013**          /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE